The opinion of the Court was delivered by
Frost, J.
In each of these cases, the declaration was framed on the A. A. 1792, 7 Stat. 281. This Act recites, “ to the end that plain and adequate remedy may be furnished, at law, upon co-partnership debts, where one or more of the co-partners is or are out of the State, or where there are dormant co-partners,” and then enacts, “ that in all such cases, it shall be sufficient to serve process on such of the co-partners as may reside or be found in the State, or upon such of the firm or co-partnerships as are known; and suits, so commenced against co-partnerships, are hereby declared to be legal and valid.”
*393 It is to be noticed, that for the recovery of partnership debts, the Act makes legal and valid suits commenced against partnerships, by service of process on the partner resident in the State, when the other partner is abroad. Before the Act, suits could not be commenced against a partnership without serving all the partners with process. The remedy provided is, that service on oue, the resident partner, shall be sufficient to maintain an action against the co-partnership — that is, against all the partners. The Act does not provide, that if one of the partners is out of the State, a partnership debt may be recovered by a suit against the resident partner alone ; nor that a judgment against the resident partner shall make liable the partnership effects to an execution on such judgment. Yet it is in conformity with this latter view or construction of the Act, that the declaration is framed. The directions of the Act were pursued when the writ was sued out against both partners. But the plaintiff has charged in the declaration, only Speed. The verdict and judgment must conform to the declaration ; and then the suit is not against the co-partnership, and cannot be maintained under the Act. The Act was drawn so as not to violate the forms of pleading. If a suit is brought to recover a co-partnership debt, a co-partnership liability must be declared on. It is inconsistent with the forms of pleading to set out a partnership debt and charge that thereby one partner became liable to pay, and being so liable, promised to pay: and to assign, as a breach of the contract, his refusal to pay. In these particulars the declaration is informal and defective.
This conclusion is not weakened by reference to the Act of 1823, which provides a remedy on joint contracts where one of the contracting parties is out of the State, by enabling the plaintiff to sue on the joint contract, by service of process on the resident joint contractor. I apprehend, in that case, the contract and liability must be declared on as joint. This is to be inferred from the proviso of the Act, which requires the plaintiff to state in his declaration that the other contracting party was without the limits of the State ; and by the further proviso, that the *394 judgment should not bind him. These would he needless precautions, if the absent contractor was not declared against. But it is not necessary to affirm anjrthing on this point. It is sufficient to obviate any relevancy, of the Act of 1823, to the question made in this case, to remark, that though a partnership contract is a joint contract, a joint contract is not a partnership contract.
The conclusion is aided by analogy to the legislative provision of New-York on the same subject. By the revised statutes it is provided that, in cases of joint contracts, when one of the parties cannot be served, “ process shall issue against them in the manner now in use,” and the plaintiff shall have judgment against the party brought into Court, and against the other joint debtors, in the same manner as if they had been brought into Court by virtue of such process ; but execution shall not issue against the body or lands of the party not brought into Court. Under this Act, the declaration and proceedings and judgment are the same as if all the parties had been arrested; — only it must be stated in the declaration which of the defendants was not brought into Court. 2 Johns. R. 87, Dando vs. Doll; 2 Johns. Cases, 339, Hildreth vs. Becker. In Pennsylvania, there being no process of outlawry in civil actions, the return of non est inventus, for all purposes of pleading, has the same effect; and the plaintiff having done all that he can to bring all the defendants into Court, it is held, that he may proceed against the one who has been arrested, stating in his declaration the writ and return. But in such cases, the course is, to lay the promises to have been made by both. But if the defendant who has been arrested will not take advantage of the omission so to lay the promise, by demurrer, but pleads non-assumpsit and goes to trial, and verdict passes against him, judgment will not, for that cause, be arrested. 5 Serg. and R. 36, Dillman vs. Schultze. In Whelpdale’s case, 5 Co. 119, cited in 1 Chitt. Pl. 423, if two defendants are jointly sued, one appears and the other makes default and is outlawed, he who appears shall be charged with the whole.
*395 From these references to authority, no opinion of the Court is to be drawn, respecting the effect of the judgment in a suit to recover a partnership debt, under the Act of 1792 — beyond this, that by such a judgment, the partnership property and that of the partner brought into Court, are made liable to satisfy the plaintiff’s debt. No more is decided, than that in a suit under the Act, the declaration must be the same as if all the partners were brought into Court, except that it must be stated in the declaration which of the partners have not been served with process.
It is a general rule that a judgment on demurrer, for matter of substance, is final; and no amendment thereafter is allowed. But it is not always clear whether the cause of demurrer is matter of substance or of form. If the writ had not been sued out against both partners, judgment on demurrer, in Simonds’s and Carrington’s cases, must have ended those suits. But the plaintiff may amend his declaration by his writ. The declaration sets out a co-partnership note, but in framing it so as to charge the partnership under the Act, only the defendant who was served is charged with liability on the note. This is a mistake in the form of declaring.
In the case of A. Simonds, which is a special demurrer, the motion is granted, and leave given to the plaintiff to amend on payment of the costs of the demurrer. In the case of William Carrington, which is a general demurrer, the motion is dismissed, with leave to amend.
O’Neall and Glover, JJ., concurred.